MATTER OF KOTUR

In Visa Petition Proceedings

A-17792255

*Decided by Board January 26, 1968*

Since petitioner, who entered the United States on May 19, 1967 as a conditional entrant under the provisions of section 203(a)(7) of the Immigration and Nationality Act, as amended, is not an alien lawfully admitted for permanent residence until 2 years have elapsed following the date of his conditional entry and compliance has been had with the provisions of sections 203(g) and (h) of the Act, as amended, and 8 CFR 235.9, he is ineligible to confer preference quota status on his wife under section 203(a)(2) of the Act, as amended.

ON BEHALF OF PETITIONER:  Very Rev. Milan Radojevich (Rep.)
                          5111 Maryland Avenue
                          Detroit, Michigan 48224

The case comes forward on appeal from the order of the District Director, Detroit, Michigan, dated October 27, 1967, denying the visa petition for the reason that the petitioner was granted conditional entry into the United States under the provisions of section 203(a)(7) of the Immigration and Nationality Act and thus the petitioner is not an alien lawfully admitted to the United States for permanent residence; therefore, his spouse is not eligible for preference status under section 203(a)(2) of the Act.

The petitioner, a native and citizen of Yugoslavia, 32 years old, male, seeks preference quota status on behalf of the beneficiary as his spouse. The beneficiary is a native and citizen of Yugoslavia, 32 years old. The visa petition is supported by the birth and marriage certificates of the parties.

The file contains a report of conditional entry under section 203 (a)(7) of the Immigration and Nationality Act, as amended, dated June 20, 1967 which indicates that the petitioner was admitted on May 19, 1967. Under the provisions of section 203(g) of the Immigration and Nationality Act any alien who conditionally entered the United States as a refugee, pursuant to subsection (a)(7) of the section, whose conditional entry has not been terminated by the Attorney

609

General pursuant to such regulations as he may prescribe, who has been in the United States for at least two years, and who has not acquired permanent residence, shall forthwith be returned to the custody of the Service and shall thereupon be inspected and examined for admission into the United States, and his case dealt with in accordance with the provisions of sections 235, 236 and 237 of the Act. Section 203(h) provides that any alien who, pursuant to subsection (g), is found, upon inspection or after hearing, to be admissible as an immigrant under the Act at the time of his inspection and examination, except for the fact that he was and is not in possession of the documents required by section 212(a)(20) shall be regarded as lawfully admitted to the United States for permanent residence as of the date of his arrival.

Regulations pertaining to conditional entries have been promulgated in Title 8 CFR, section 235.9. Section 235.9(d) provides that for the purposes of section 203(g) and (h) of the Act, the two-year period shall commence on the date of the applicant's conditional entry into the United States. Section 235.9(e) provides that two years subsequent to conditional entry into the United States, each conditional entrant shall be required to appear before an immigration officer and be interrogated under oath and a determination of admissibility shall be made in accordance with Parts 235 and 236 of this chapter. Section 235.9(f) provides for termination of conditional entrance status whenever a District Director has reason to believe that a conditional entrant is or has become inadmissible to the United States under any provisions of section 212(a) of the Act (except section 212(a)(20)) and provides for a hearing before a special inquiry officer in accordance with the provisions of sections 235, 236 and 237. If the alien is found to be not inadmissible or, if inadmissible, eligible for a waiver of excludability pursuant to section 212(g), (h) or (i) of the Act, the special inquiry officer shall order the proceedings terminated and shall refer the matter to the District Director for further proceedings in accordance with section 203(g) of the Act. If the alien is found to be inadmissible, the special inquiry officer shall order the termination of the alien's conditional entry and the making of such further orders as may be proper.

It therefore appears that under the provisions of section 203(g) and (h) of the Act and the regulations contained in 8 CFR 235.9 the visa petition is premature inasmuch as two years have not elapsed since the petitioner's conditional entry into the United States and he has not as

yet been adjusted to the status of a permanent resident.[1] The appeal will be dismissed without prejudice to renewal of the visa petition after the petitioner's status has been adjusted to that of a permanent resident.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] 8 CFR 245.1(a) provides that an alien who has been allocated an immigrant visa number and who entered United States conditionally pursuant to section 203(a)(7) of the Act is not eligible for the benefits of section 245 of the Act.

611